UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STEVEN McKINNEY,            )
                            )
            Movant,         )
                            )
      vs.                   )     No. 4:04CV1184-DJS
                            )
UNITED STATES OF AMERICA,   )
                            )
            Respondent.     )

MEMORANDUM

On July 31, 2002, movant Steven McKinney pled guilty to being a felon unlawfully in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) and punishable under 18 U.S.C. §924(e)(1). Subsequently, on December 13, 2001, the Court sentenced McKinney to 180 months' imprisonment, to be followed by a five-year term of supervised release. On direct appeal, the Eighth Circuit affirmed McKinney's conviction and the sentence imposed. Now before the Court is McKinney's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. §2255.

While McKinney purports to assert two grounds for relief under §2255, the grounds are essentially identical and assert that movant's counsel was ineffective because he failed to raise issues related to the Supreme Court's decision in Blakely v. Washington, 542 U.S. ---, 124 S.Ct. 2531 (2004). In Blakely, the Supreme Court invalidated the State of Washington's sentencing scheme, holding that scheme violated the Sixth Amendment because it allowed a sentencing

court to impose a sentence not solely based on "facts reflected in the jury verdict or admitted by the defendant." Id., 124 S.Ct. at 2537. Since the filing of McKinney's §2255 motion, the Supreme Court extended Blakely's holding to the federal sentencing guidelines in United States v. Booker, --- U.S. ---, 125 S.Ct. 238 (2005). Neither Blakely nor Booker apply retroactively to cases on collateral review. In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005). See also United States v. Price, 400 F.3d 844 (10th Cir. 2005) (Blakely not retroactively applicable to initial §2255 motions); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (Booker not retroactively applied to collateral proceedings).

Neither was movant's counsel ineffective for failing to anticipate the Supreme Court's rulings in Blakely and Booker. To prevail on a claim of ineffective assistance of counsel, McKinney must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, "counsel's performance is not deficient by failing to predict future developments in the law." Wajda v. United States, 64 F.3d 385, 388 (8th Cir. 1995). In Brown v. United States, the Eighth Circuit rejected an argument by a §2255 movant that his counsel was ineffective for failing to make an Apprendi-type claim prior to the Supreme Court's Apprendi decision. Brown, 311 F.3d 875, 878 (8th Cir. 2002). The Eighth Circuit held that "counsel's decision not to raise an issue unsupported by then-existing precedent

2

did not constitute ineffective assistance." Id. Here, McKinney's conviction was final on June 6, 2003, the date of the mandate by the Court of Appeals denying movant's appeal. Thus, the judgment against McKinney was final long before either the Blakely or Booker decision and McKinney's counsel was not ineffective for not raising a Blakely/Booker-type argument.

Accordingly, for all the foregoing reasons, the instant motion to vacate, set aside or correct sentence will be denied.

Dated this  7th  day of June, 2005.

                                     /s/ Donald J. Stohr
                                     UNITED STATES DISTRICT JUDGE